# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31199
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

Brian Simmons

Plaintiff-Appellant

v.

Honeywell International Inc.

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-674

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff Brian Simmons appeals summary judgment in favor of Honeywell International Inc. ("Honeywell") on tort claims arising out of injuries incurred when Simmons was exposed to toxic fumes while upgrading the air compression system at a Honeywell facility. Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). We review

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31199

summary judgment *de novo*. *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 190 (5th Cir. 2002).

Simmons is a repair technician employed by Ingersoll-Rand, which was contracted to provide certain services to Honeywell facilities. It is undisputed that the relevant contract conferred upon Honeywell an employer status with respect to Ingersoll-Rand employees performing any contracted services. The existence of such a contract establishes a rebuttable presumption that Honeywell was the statutory principal of Simmons for the purposes of the Louisiana Workers' Compensation Act. *See* LA. REV. STAT. ANN. § 23:1061. Consequently, because no one disputes that Simmons was providing services pursuant to the contract, he is presumptively limited to the remedies provided by the state workers' compensation system.

A plaintiff may rebut the statutory presumption of principal status by showing that the work performed was not "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.* § 23:1061(A)(1). Simmons argues that the uninstalled air receiver he was servicing could not be "essential" to the facility's operation because the "plant was producing their [sic] products before, during, and after" the work performed. This reasoning has already been rejected by the Louisiana courts. *See Everett v. Rubicon, Inc.*, 2004-1988 (La. App. 1 Cir. 6/14/06); 938 So. 2d 1032, 1041–43 (collecting cases and rejecting similar reasoning offered by a cement contractor). Moreover, the unrebutted testimony of the project manager indicates that, although the receiver Simmons was servicing was not operating, that unit was part of a larger system that was functioning and essential to the safe operation of Honeywell's production facility. Simmons has offered no evidence to the contrary. Given the "expansive" and "liberal" reach of the statutory provision, the district court correctly concluded that Simmons has provided no evidence that the system

2

No. 13-31199

and associated work were not integral and essential to the facility's operation. *See Jackson v. St. Paul Ins. Co.*, 2004-0026 (La. App. 1 Cir. 12/17/04); 897 So. 2d 684, 689. Accordingly, Simmons has not overcome the presumption of employer status.

Before the district court, Simmons also argued that the Louisiana Workers' Compensation Act does not apply because the alleged injury "result[ed] from an intentional act." *See* LA. REV. STAT. ANN. § 23:1032(B). Yet Simmons did not plead this exception in his complaint, nor is there any indication that Simmons has moved to amend. We further find the record devoid of any facts sufficient to allege an intentional tort. *Cf. Swope*, 281 F.3d at 194 (reversing summary judgment after finding that employer knew employee was repeatedly being exposed to chemicals and might have known "to a substantial certainty" that such exposure would result in physical harm). Regardless, Simmons did not brief this court on the issue and has thus waived the argument. FED. R. APP. P. 28(a)(9), (b).

Accordingly, for the reasons stated herein and in further detail by the district court, summary judgment is AFFIRMED.

3